# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:<br><br>Derek Henry Siltala,<br><br>            Debtor. | Case No.: 11-60226-DDO<br><br>Chapter 7 |
| Network F.O.B., Inc.,<br><br>            Plaintiff,<br><br>vs.<br><br>Derek Henry Siltala d/b/a<br>Johanning Trans-Fare,<br><br>            Defendant. | Adversary No.: |

## COMPLAINT

**COMES NOW**, Network F.O.B., Inc. ("FOB"), and for its Complaint against Defendant Derek Henry Siltala d/b/a Johanning Trans-Fare ("Siltala"), states and alleges as follows:

### PARTIES

1. FOB is a Minnesota corporation with its principal place of business at 2980 Commers Drive, Suit 850, Eagan, Minnesota 55121.

2. Siltala is an individual residing at 15074 County Road 18, Park Rapids, MN 56470.

3. Johanning Trans-Fare is an assumed name owned by Siltala.

4. The Minnesota Secretary of State lists Johanning Trans-Fare as having an address of 12500 County Road 11, Park Rapids, MN 56470.

5. Upon information and belief, Siltala utilizes the name Johanning Trans-Fare when performing business transactions, but Johanning Trans-Fare is not an incorporated entity or limited liability company.

6. The name Johanning Trans-Fare also appears on Siltala's business checking account.

7. Upon information and belief, Siltala and Johanning Trans-Fare are both Siltala.

## JURISDICTION AND VENUE

8. This adversary proceeding is brought pursuant to Bankruptcy Rule 7001 and arises under 11 U.S.C. § 523.

9. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334, Local Rule 7004-2, and Bankruptcy Rule 7001(6).

10. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

11. Venue is proper pursuant to 28 U.S.C. §1409.

12. The petition commencing this bankruptcy case was filed under chapter 7 of title 11 of the U.S. Code (the "Bankruptcy Code") on March 8, 2011.

## BASIS FOR NON-DISCHARGEABILITY

13. Between October 23, 2006 and December 6, 2010, FOB contracted with Siltala to transport various freight shipments.

14. As of October 11, 2010, FOB owed Siltala the total amount of $5,140.77 for services received.

15. On October 11, 2010, FOB initiated a bank transaction intending to pay Siltala the amount of $5,140.77 via wire transfer.

16. During the wire transfer process, an employee of FOB inadvertently keyed in the date of the transaction (i.e. 101110) in the space provided to enter the dollar amount to be transferred.

17. The wire transfer was sent with the mistaken amount of $101,212.82 still entered.

18. As a result, Siltala received $96,072.05 more than the amount legitimately owed to him. (See Exhibit A)

19. On December 1, 2010, when FOB realized that it had wire transferred $96,072.05 more than it had intended, it immediately contacted the Siltala via telephone and requested that the overpayment be returned.

20. Siltala agreed that the excess amount wired should be returned and that he would discuss with FOB arrangements for the immediate return of the money.

21. Later in the day on December 1, 2010, during a separate phone call, Siltala told FOB that he no longer had the money as he had converted it to other uses.

22. In yet another conversation with FOB on December 1, 2010, Siltala indicated he was aware of the sizable overpayment in the wire transfer at the time it occurred on October 11, 2010, because the bank had contacted him that day due to the size of the deposit.

23. On December 2, 2010, FOB filed a report of theft against Siltala with the Eagan, Minnesota police department because Siltala had failed to return the amount of the overpayment. (See Exhibit B)

24. FOB received two checks from Siltala on December 2, 2010. Check # 6392 was drawn in the amount of $4,166.67 and check # 6768 was drawn in the amount of $10,000.00. (See Exhibits C and D)

25. On January 26, 2011 FOB received another check from Siltala. This check was numbered 6779 and was drawn in the amount of $10,000.00. (See Exhibit E)

26. FOB deposited Siltala's check number 6768 in the amount of $10,000.00 on February 11, 2011. This check cleared.

27. On February 17, 2011 FOB deposited Siltala's check number 6799 in the amount of $10.000.00.

28. FOB deposited Siltala's check number 6392 in the amount of $4,166.67 on February 24, 2011.

29. On February 24, 2011, FOB was informed by its bank that Siltala's check number 6799 was returned unpaid because Siltala had issued a stop payment order on the check. (See Exhibit F)

30. On March 3, 2011, FOB was informed by its bank that Siltala's check number 6392 was returned unpaid because Siltala had issued a stop payment order on the check. (See Exhibit G)

31. On or about December 7, 2010, FOB offset amounts due by FOB to Siltala in the amount of $6,147.69. (See Exhibit H)

32. On or about December 9, 2010, FOB offset amounts due by FOB to Siltala in the amount of $1,180.52. (See Exhibit H)

33. Despite repeated demands for repayment, Siltala remains indebted to FOB after offsets in the amount of $78,743.84 as of December 13, 2010, per the statement of account attached hereto as Exhibit H, plus interest, attorney fees, and costs.

34. Each of the actions described herein was intentionally and willfully taken by Siltala, or at Siltala's specific or implicit direction, with Siltala possessing knowledge that such action violated FOB's rights and interests, and would cause direct and material damage to FOB.

35. As a result of Siltala's actions, FOB has suffered direct and substantial damage.

## COUNT I
**Willful and Malicious Injury to the Property of Another – 11 U.S.C. § 523(a)(6)**

36. FOB restates the allegations in paragraphs (1-35) as though fully set forth herein.

37. FOB alleges Siltala is not entitled to a discharge with regard to the amounts owed to FOB pursuant to the provisions of 11 U.S.C. § 523(a)(6) because the debt is the result of Siltala's willful and malicious attempt to injure FOB.

38. By converting the funds, Siltala voluntarily and willfully took actions inconsistent with FOB's ownership interest in the funds.

39. Siltala knew, or should have known, that injury to FOB's property would be caused by his actions relating to the funds in question.

40. As a result of Siltala's improper acts, FOB has been injured in the amount of $78,743.84, in addition to attorney fees and costs incurred by FOB in bringing this action.

41. Based upon the foregoing, Siltala's debt to FOB is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

## COUNT II
**Larceny - 11 U.S.C. § 523(a)(4)**

42. FOB restates the allegations in paragraphs (1-35) as though fully set forth herein.

43. Siltala is not entitled to a discharge pursuant to the provisions of 11 U.S.C. § 523(a)(4) because the debt was obtained through larceny.

5

44. Siltala engaged in larceny by unlawfully taking FOB's personal property with the intent to permanently deprive FOB of its possession of the funds.

45. Siltala knew, or should have known, he was not entitled to the funds as of October 11, 2010.

46. As a result of Siltala's improper acts, FOB was injured in the amount of $78,743.84, in addition to the attorney fees and costs incurred by FOB in bringing this action.

47. Based upon the foregoing, Siltala's debt to FOB is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).

**WHEREFORE**, Plaintiff respectfully requests an order of this court:

1. Determining that Defendant's obligation and debt to Plaintiff is not discharged pursuant to the provisions of 11 U.S.C. § 523;

2. Awarding Plaintiff's reasonable attorney fees, costs, and expenses incurred in connection with this matter; and

3. Granting such other relief as the Court deems just and equitable.

Dated: April 8, 2011.  **FOLEY & MANSFIELD, PLLP**

By: */e/ Jeffrey D. Klobucar*
Jeffrey D. Klobucar (#389368)
Thomas J. Lallier (#163041)
250 Marquette Avenue, Suite 1200
Minneapolis, MN 55401
jklobucar@foleymansfield.com
tlallier@foleymansfield.com
Telephone: (612) 338-8788
Fax: (612) 338-8690

**Attorneys for Network F.O.B., Inc**

## VERIFICATION

I, __John Kolden__, an __Employee__ of Network FOB, Inc., declare under penalty of perjury that the statements and averments in the Complaint are true and correct to the best of my knowledge, information, and belief.

Executed on: April __8__, 2011          Signed: _____