# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:<br><br>Derek Henry Siltala,<br><br>        Debtor. | Case No.: 11-60226-DDO<br><br>Chapter 7 |
| Network F.O.B., Inc.,<br><br>        Plaintiff,<br><br>vs.<br><br>Derek Henry Siltala d/b/a<br>Johanning Trans-Fare,<br><br>        Defendant. | Adversary No.: 11-06016 |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT**

This matter came before the Court on the Application for Default Judgment pursuant to Local Rule 7055-1, Bankruptcy Rule 7055, and Fed. R. Civ. P. 55(b). Appearances were noted in the Court's record. Pursuant to all the files, records, and evidence induced at the time of hearing, and all of the recent arguments of counsel, the Court makes this Order pursuant to the Federal Rules of Civil Procedure.

**THE COURT HEREBY FINDS THAT**:

1. Between October 23, 2006 and December 6, 2010, FOB contracted with Siltala to transport various freight shipments.

2. As of October 11, 2010, FOB owed Siltala the total amount of $5,140.77 for services received.

3. On October 11, 2010, FOB initiated a bank transaction intending to pay Siltala the amount of $5,140.77 via wire transfer.

4. During the wire transfer process, an employee of FOB inadvertently keyed in the date of the transaction (i.e. 101110) in the space provided to enter the dollar amount to be transferred.

5. The wire transfer was sent with the mistaken amount of $101,212.82 still entered.

6. As a result, Siltala received $96,072.05 more than the amount legitimately owed to him. (See Exhibit A to the Adversary Complaint)

7. On December 1, 2010, when FOB realized that it had wire transferred $96,072.05 more than it had intended, it immediately contacted the Siltala via telephone and requested that the overpayment be returned.

8. Siltala agreed that the excess amount wired should be returned and that he would discuss with FOB arrangements for the immediate return of the money.

9. Later in the day on December 1, 2010, during a separate phone call, Siltala told FOB that he no longer had the money as he had converted it to other uses.

10. In yet another conversation with FOB on December 1, 2010, Siltala indicated he was aware of the sizable overpayment in the wire transfer at the time it occurred on October 11, 2010, because the bank had contacted him that day due to the size of the deposit.

11. On December 2, 2010, FOB filed a report of theft against Siltala with the Eagan, Minnesota police department because Siltala had failed to return the amount of the overpayment. (See Exhibit B to the Adversary Complaint)

12. FOB received two checks from Siltala on December 2, 2010. Check # 6392 was drawn in the amount of $4,166.67 and check # 6768 was drawn in the amount of $10,000.00. (See Exhibits C and D to the Adversary Complaint)

13. On January 26, 2011 FOB received another check from Siltala. This check was numbered 6779 and was drawn in the amount of $10,000.00. (See Exhibit E to the Adversary Complaint)

14. FOB deposited Siltala's check number 6768 in the amount of $10,000.00 on February 11, 2011. This check cleared.

15. On February 17, 2011 FOB deposited Siltala's check number 6799 in the amount of $10.000.00.

16. FOB deposited Siltala's check number 6392 in the amount of $4,166.67 on February 24, 2011.

17. On February 24, 2011, FOB was informed by its bank that Siltala's check number 6799 was returned unpaid because Siltala had issued a stop payment order on the check. (See Exhibit F to the Adversary Complaint)

18. On March 3, 2011, FOB was informed by its bank that Siltala's check number 6392 was returned unpaid because Siltala had issued a stop payment order on the check. (See Exhibit G to the Adversary Complaint)

19. On or about December 7, 2010, FOB offset amounts due by FOB to Siltala in the amount of $6,147.69. (See Exhibit H to the Adversary Complaint)

20. On or about December 9, 2010, FOB offset amounts due by FOB to Siltala in the amount of $1,180.52. (See Exhibit H to the Adversary Complaint)

21. Despite repeated demands for repayment, Siltala remains indebted to FOB, after offsets, in the amount of $78,743.84 as of December 13, 2010, per the statement of account attached to the Adversary Complaint as Exhibit H, plus interest, and in addition to costs and disbursements incurred in this matter.

22. Each of the actions described herein was intentionally and willfully taken by Siltala, or at Siltala's specific or implicit direction, with Siltala possessing knowledge that such action violated FOB's rights and interests, and would cause direct and material damage to FOB.

23. As a result of Siltala's actions, FOB has suffered direct and substantial damage as noted herein.

**THE COURT CONCLUDES AS A MATTER OF LAW THAT:**

1. By converting the funds, Siltala voluntarily and willfully took actions inconsistent with FOB's ownership interest in the funds.

2. Siltala knew, or should have known, that injury to FOB's property would be caused by his actions relating to the funds in question.

3. Siltala knew, or should have known, he was not entitled to the funds as of October 11, 2010.

4. Siltala engaged in larceny by unlawfully taking FOB's personal property with the intent to permanently deprive FOB of its possession of the funds.

5. As a result of Siltala's improper acts, FOB has been injured in the amount of $78,743.84, plus interest, in addition to costs and disbursements incurred by FOB in bringing this action.

6. Based on the foregoing, Siltala is not entitled to a discharge with regard to the amounts owed to FOB pursuant to the provisions of 11 U.S.C. §§ 523(a)(6) and 523(a)(4)

because the debt is the result of Siltala's willful and malicious attempt to injure FOB and because the debt was obtained through larceny.

7. Based upon the foregoing, Siltala's debt to FOB is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(4)and 523(a)(6).

**IT IS HEREBY ORDERED THAT**:

1. Defendant's obligation and debt to Plaintiff is not discharged pursuant to the provisions of 11 U.S.C. § 523;

2. Plaintiff is entitled to judgment in the amount of $78,743.84, plus interest, in addition to costs and disbursements incurred by Plaintiff in this matter.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: 6/1/11

/e/ Dennis D. O'Brien
The Honorable Dennis D. O'Brien
United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *06/01/2011*
Lori Vosejpka, Clerk, By DLR, Deputy Clerk